UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SARA DELCARMEN AYALA, | § | |
| Individually, and as Next of Friend to | § | |
| IBAN MARTINEZ (Minor Child) | § | |
|     *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-09-535 |
| | § | |
| PHILLIPE SIBILLE, Individually, | § | |
| and as Former Deputy of Harris County | § | |
| Constable Precinct 4, | § | |
| | § | |
| RON HICKMAN, in his Official Capacity | § | |
| as Constable Harris County Precinct 4, | § | |
|     *Defendants*. | § | |

**ORDER**

Pending before the court is defendant Ron Hickman's motion for summary judgment. Dkt. 14. Plaintiffs did not respond to this motion and therefore, under the local rules of the Southern District of Texas, the motion is considered unopposed. S.D. TEX. LOC. R. 7.4. Upon consideration of the facts, defendant's motion, and the applicable law, the motion is GRANTED.

**I. BACKGROUND**

On February 24, 2007, Sara Ayala was hosting a party in her backyard for her son's, Iban Martinez's, birthday. Dkt. 1 at 3. A band began performing at 9:30 p.m. and shortly thereafter, officer Phillipe Sibille, a Deputy Constable of Harris County Precinct 4, arrived in uniform. *Id.*

Plaintiffs allege that Sibille began to shout expletives at Martinez and Ayala, demanded that they turn off the music, and threatened to arrest Martinez. *Id.* 3–4. Plaintiffs also claim that when Ayala attempted to speak to Sibille, he put his hand on her face and pushed her to the ground. *Id.* Sibille allegedly continued yelling at Martinez and pointed a gun at his head in front of his mother.

*Id.* at 4. Sibille also allegedly used many racial epithets regarding Hispanics during the altercation. *Id.* at 3–4.

One of the party-goers called 911, and soon other officers arrived at the scene. Dkt. 1 at 4. Ayala was taken to the hospital, by ambulance, and treated for neck, shoulder, and back injuries. *Id.* Lieutenant Young, one of the later arriving officers, spoke to Ayala that night and the next day. *Id.* at 4–5. Young allegedly told Ayala he "was not a bad cop like the other guy," and that "they had several problems with [Sibille] in the past." *Id.* at 5.

On February 23, 2009, Ayala and Martinez filed a complaint against Sibille, who has since left Precinct 4, in his individual and official capacity, and against Ron Hickman ("Hickman"), then Constable of Harris County Precinct 4, in his official capacity. Dkt. 1. In the complaint, plaintiffs allege causes of action against Sibille individually under 42 U.S.C. § 1983 for violation of plaintiffs' rights under the Fourth, Fifth, and Fourteenth Amendments; and assault and battery. *Id.* at 5–7. Further, plaintiffs assert causes of action against Sibille in his individual and official capacity for intentional infliction of emotional distress, and negligent infliction of emotional distress. *Id.* at 6.

Plaintiffs also assert claims against Hickman, in his official capacity under 42 U.S.C. § 1983 for violation of their civil rights and under the Texas Tort Claims Act for unspecified common law torts. *Id.* Hickman now moves for summary judgment on the claims against him. Dkt. 14. The plaintiffs filed no response.

## II. ANALYSIS

### A.   Summary Judgment Standard

A timely motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there

is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008). An issue is "material" if its resolution could affect the outcome of the action. *Burrell v. Dr. Pepper/Seven Up Bottling Group, Inc.*, 482 F.3d 408, 411 (5th Cir. 2007).

The moving party bears the initial burden of informing the court of all evidence demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). Only when the moving party has discharged this initial burden does the burden shift to the non-moving party to demonstrate there is a genuine issue of material fact. *Id.* at 322. If the moving party fails to meet this burden, it is not entitled to a summary judgment, and no defense to the motion is required. *Id.*

"For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir. 1995); *see also Celotex*, 477 U.S. at 323–25. To prevent summary judgment, "the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (quoting FED. R. CIV. P. 56(e)).

However, the non-movant cannot avoid summary judgment simply by presenting "conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *See TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). By the same token, the moving party will not meet its burden of proof based on conclusory "bald assertions of ultimate

facts." *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 872 (5th Cir. 1978); *see also Galindo v. Precision Amer. Corp.*, 754 F.2d 1212, 1221 (5th Cir. 1985).

**B.     § 1983 Claims**

As a preliminary matter, when a claim is brought against a government official in his official capacity, the plaintiff is, in reality, bringing suit against the government entity of which the official is an agent. *Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009) (citing *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099 (1985)). Thus these claims, which have been styled as against Hickman in his official capacity, will be treated as claims against the Office of Harris County Constable Precinct 4 ("Constable's Office").

Plaintiffs claim that Hickman is liable under 42 U.S.C. § 1983 for Sibille's conduct on the night in question based on failure to adequately train and supervise him. 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

In *Monell*, the Supreme Court held that municipalities are "persons" which can be held liable under § 1983. *Monell v. New York Dept. of Social Serv.*, 436 U.S. 658, 690, 98 S. Ct. 2018 (1978). The Court explained that as "persons" under § 1983, a municipality's liability would stem from its own actions and could not be based solely on the actions of an employee under a respondeat superior theory. *Id.* at 691; *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 122, 112 S. Ct. 1061 (1992). To satisfy *Monell* a plaintiff must show: "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation

whose 'moving force' is that policy (or custom)." *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).

Plaintiffs do not allege any written official policy of the Constable's Office as a cause of their injuries. Therefore, they must demonstrate that a custom existed which caused their injuries. In order to show a custom, a plaintiff is required to show a "persistent, widespread practice of . . . officials or employees which, . . . is so common and well settled as to constitute a custom that fairly represents municipal policy." *Id.* Further, actual or constructive knowledge of the custom must be attributable to an official with policy making authority. *Id.* Even if the two statements allegedly made by Young were uncontroverted, by themselves they are insufficient to show a "widespread practice" with which Hickman can be charged with having knowledge.

The Supreme Court has stated that liability shall not be imposed simply because the municipality "hired one bad apple." *Tuttle*, 471 U.S. at 821. Because plaintiffs failed to meet their burden to demonstrate a policy and custom which caused plaintiffs' alleged injuries, they cannot sustain a § 1983 claim against the Constable's Office. Accordingly, Hickman's motion on plaintiffs' claims under 42 U.S.C. § 1983 is granted.

**D.     Texas Tort Claims Act**

Plaintiffs allege that the Constable's Office is liable for Sibille's actions under the Texas Tort Claims Act "TTCA". Dkt. 1 at 9. The TTCA waives the state's immunity from suit for actions arising from the negligence of its employees. TEX. CIV. PRAC. & REM. CODE § 101.021. However, the TTCA does not apply to claims "arising out of assault, battery, false imprisonment, or any other intentional tort." § 101.057(2). Therefore, the only claims to which the TTCA could apply would be those based on negligence. Plaintiffs claim that their injuries were caused by the use of excessive

force, and the "outrageous and unconscionable acts" of Sibille. Dkt. 1 at 9. Hickman claims that these facts constitute an intentional tort that is barred under TTCA. Dkt. 14 at 6.

The only claim against Sibille in which the plaintiffs assert negligence is negligent infliction of emotional distress, which was pled alternatively to intentional infliction of emotional distress and arose from the same set of circumstances as all the other claims plead. Dkt. 1 at 6–7. If the facts pled amount to an intentional tort committed by a government employee, the government will not be liable under the TTCA, regardless of whether or not the claims are also framed as negligence claims. *Texas Dept. of Public Safety v. Petta*, 44 S.W.3d 575, 580–81 (Tex. 2001); *Harris County v. Cabazos*, 177 S.W.3d 105, 111 (Tex. App.—Houston [1 Dist.] 2005, no pet.). "A plaintiff cannot circumvent the intentional tort exception by couching his claims in terms of negligence." *Cabazos*, 177 S.W.3d at 111.

Additionally, a plaintiff cannot bypass the intentional tort exception simply by alleging the government unit was negligent in its supervision and training of the employee. *Id.* at 109 (citing *Delaney v. Univ. of Houston*, 835 S.W.2d 56, 60 (Tex. 1992)). Plaintiffs can, however, assert claims against a governmental unit for negligent supervision or training of an officer, which arise out of the same set of facts as the intentional torts committed by the officer. Plaintiffs' claims against the Constable's Office are unspecified. Even if plaintiffs claim negligence of the Constable's Office for failing to train and supervise Sibille, plaintiffs have not come forward with any evidence on which to base this claim.

Again, plaintiffs failed to respond to the summary judgment motion and bring forward any evidence asserting that the acts committed by Sibille were anything but intentional torts. Therefore,

Hickman's motion for summary judgment is granted regarding all claims against the Constable's Office under the TTCA.

### III. CONCLUSION

Hickman raised other arguments and defenses in his motion, however, they need not be addressed as the court GRANTS summary judgment on all claims against Hickman. It is further ORDERED that defendant Ron Hickman's motion to dismiss (Dkt. 12) is DENIED as moot.

It is so ORDERED.

Signed at Houston, Texas on April 20, 2010.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY